IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **LOUISVILLE EXCHANGER & VESSEL INC.,**<br><br>*Plaintiff,*<br><br>vs.<br><br>**AMERITUBE, LLC,**<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§  CAUSE NO.  6:23-cv-00242<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Louisville Exchanger & Vessel Inc. ("**LEV**") by and through its undersigned counsel, brings this action against Defendant Ameritube, LLC ("**Ameritube**").

### PARTIES

1. LEV is a Kentucky corporation with its principal place of business in Louisville, Kentucky.

2. Ameritube is a Texas limited liability company, and all its members reside in the state of Texas.  Ameritube may be served with process by serving its registered agent, Khariton G. Ravitsky, at 1000 North Highway 77, Hillsboro, TX 76645.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because LEV and Ameritube are citizens of different states, and the amount in controversy exceeds $75,000 excluding interest and costs.

4. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to LEV's claims occurred in this district.

1

**FACTUAL BACKGROUND**

5.     LEV is a specialty metal fabrication shop centrally located in the Midwest that designs and fabricates heat exchangers, pressure vessels, and process equipment. Ameritube specializes in the processing, distribution, and manufacturing of copper alloy, nickel alloy, and steel tubing products related to the heat transfer and heat exchange industry.

6.     On October 20, 2021, LEV sent Purchase Order #21-011 to Ameritube which included an order for (i) 302 pieces of 18-footlong copper-nickel tubing; (ii) 1,020 pieces of 20-footlong copper-nickel tubing; and (iii) 8,450 pieces of 24-footlong copper-nickel tubing (the "**Purchase Order**"). The total purchase price of the Purchase Order was $1,053,992.50 (*i.e.*, $4.61 per foot of tubing). In the Purchase Order, LEV noted that the tubes needed to be delivered by the week of March 28, 2022. A true and correct copy of the Purchase Order is attached as **Exhibit A**.

7.     On October 22, 2021, Ameritube issued Invoice #1578 to LEV in the amount of $347,817.50, which confirmed that Ameritube would supply 9,722 pieces of copper-nickel tubing at $4.61 per foot of tubing. On January 17, 2022, Ameritube issued Invoice #1604 to LEV in the amount of $175,664.70. In total, Invoice #1578 and Invoice #1604 requested payment in the amount of $523,482.20 (the "**Pre-Price Increase Payments**"). LEV timely issued payment for Invoice #1578 and Invoice #1604.

8.     On March 30, 2022, Ameritube issued Invoice #1630 to LEV in the amount of $217,423.30. Unlike the first two invoices, Invoice #1630 contained a price increase to account for what Ameritube claimed was a global increase in the price of nickel. On May 19, 2022, Ameritube issued Invoice #1643 in the amount of $217,423.30 that included the same price increase to account for the increased price of nickel. Despite Ameritube's failure to deliver the copper-nickel tubing to LEV by the week of March 28, 2022, LEV issued payment for Invoice #1630 and Invoice #1643. (the "**Post-Price Increase Payments**"). As of May 19, 2022, LEV had

paid $958,328.80 to Ameritube.

9. On May 6, 2022, Ameritube finally delivered to LEV the 302 pieces of 18-footlong copper-nickel tubing, and the 1,020 pieces of 20-footlong copper-nickel tubing. But in December 2022, as Ameritube was supposedly preparing the 24-footlong copper-nickel tubing, LEV discovered (for the first time) that Ameritube had unilaterally changed the price per-tube. Specifically, Ameritube attempted to retroactively increase the price per tube for *each* copper-nickel tube in the Purchase Order (including those that were paid for prior to the price increase). Consequently, Ameritube claimed that the $958,328.80 was sufficient to only purchase (i) 302 pieces of 18-foot-long copper-nickel tubing; (ii) 1,020 pieces of 20-foot-long copper-nickel tubing; and (iii) 6,693 pieces of 24-foot-long copper-nickel tubing.

10. LEV paid $523,482.20 to Ameritube *before* (i) the price of nickel increased; and (ii) LEV was made aware and consented to the increased price for future work. Accordingly, before Ameritube increased the price per tube, the Pre-Price Increase Payments were sufficient to purchase (i) 302 pieces of 18-foot-long copper-nickel tubing at $82.98 per tube; (ii) 1,020 pieces of 20-foot-long copper-nickel tubing at $92.20 per tube; and (iii) 3,656 pieces of 24-foot-long copper-nickel tubing at 110.64 per tube. After Ameritube increased the price for copper-nickel tubing, the Post-Price Increase Payments were sufficient to purchase an additional 3,468 pieces of 24-footlong copper nickel tubing at the increased cost of $125.38 per tube. Thus, LEV was entitled to receive approximately 7,124 pieces of 24-footlong copper-nickel tubing.

11. After realizing Ameritube's mistake, LEV informed Ameritube. Ameritube did not relent and refused to either refund the overpayment or deliver the remaining tubing. Because Ameritube refused to correct its error, LEV overpaid approximately $78,237.12 to Ameritube.

12. Despite Ameritube's refusal to concede its errors, LEV agreed to retrieve 6,500 pieces of 24-footlong copper-nickel tubing that were ready to be picked-up, according to

Ameritube, at Ameritube's warehouse. On January 6, 2023, Ameritube confirmed that LEV could pick-up that tubing on Tuesday or Wednesday from 8 a.m. to 4:30 p.m. In reliance on this representation, LEV sent multiple tractor-trailers to Ameritube's warehouse on the morning of Tuesday, January 10. But when LEV's trucks arrived, the tubes were not ready for loading, and it took almost *seven hours* to load the last truck leading to additional charges from the trucking company.

13. On January 12, 2023, LEV demanded that Ameritube reimburse the $78,237.12[1] that LEV overpaid it as well as the additional charge that LEV incurred from the trucking company. On February 7, 2023, LEV sent a formal demand letter to Ameritube requesting that Ameritube reimburse the $78,237.12 that LEV overpaid Ameritube. As of today, Ameritube has failed to respond to such demand, which has forced LEV to file this lawsuit.

## CAUSES OF ACTION

14. **Breach of Contract**: LEV incorporates the foregoing paragraphs as if fully set forth herein. The Purchase Order is a valid and binding agreement between LEV and Ameritube. LEV performed all its obligations under the Purchase Order. Ameritube's above-described conduct constitutes a material breach of the Purchase Order, resulting in damages of approximately $78,237.12.

15. **Unjust Enrichment**: LEV incorporates the foregoing paragraphs as if fully set forth herein. Ameritube has been unjustly enriched by retaining $78,237.12 that LEV overpaid to Ameritube because Ameritube failed to provide any services or goods in exchange for such compensation.

---

[1] LEV cancelled the remainder of its order for the 24-footlong copper-nickel pieces and elected to be reimbursed for the amount that it overpaid Ameritube.

16.     **Attorneys' Fees**: LEV has retained the services of Fritz Byrne, PLLC to prosecute this lawsuit. Consequently, LEV seeks to recover all reasonable and necessary attorneys' fees under all applicable statutes and contractual provisions, including but not limited to Texas Civil Practice & Remedies Code § 38.001.

## CONDITIONS PRECEDENT

17.     All conditions precedent has been performed or have occurred for LEV to prevail on its claims against Ameritube.

## DEMAND FOR JURY TRIAL

18.     LEV asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues arising from this lawsuit.

## PRAYER

For these reasons, LEV requests that the Court issue citation for Ameritube to appear and answer, and that on final trial hereof, the Court enter judgment awarding the following to it from Ameritube:

  i. Actual damages;
 ii. Incidental damages;
iii. Attorneys' fees and expenses;
 iv. Court costs;
  v. Pre- and post-judgment interest; and
 vi. All other relief to which LEV is justly entitled.

Respectfully submitted,

**FRITZ BYRNE, PLLC**
221 West 6th Street, Suite 960
Austin, Texas 78701
Telephone: (512) 476-2020
Facsimile: (512) 477-5267

BY:    */s/ Dale L. Roberts*
       Dale L. Roberts
       Texas Bar No. 24001123
       Email: droberts@fbhg.law
       Lewis J. Tandy
       Texas Bar No. 24110426
       Email: ltandy@fritzbyrne.law

       **ATTORNEYS FOR PLAINTIFF**